**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN SEXTON and** | § | |
| **SHELIA SEXTON,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:15-CV-2429-K-BK** |
| | § | |
| **DEUTSCHE BANK, N.A.,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendations on Defendant's *Motion for Summary Judgment*, Doc. 23. For the reasons that follow, it is recommended that the motion be **GRANTED**.

### A. BACKGROUND

In June 2015, Plaintiffs brought this case in state court against Defendant in connection with the foreclosure sale of their real property (the "Property") pursuant to a security instrument and deed of trust (collectively, the "Mortgage") that encumbered the Property. Doc. 1-4. Defendant timely removed the action to this Court on the basis of diversity jurisdiction. Doc. 1. Plaintiffs allege in their petition that they purchased the Property in October 2006, and the ensuing Security Instrument was subsequently assigned to Defendant. Doc. 1-1 at 4.

They contend that in February 2010, Defendant filed an application in state court for a court order allowing foreclosure of the lien. Doc. 1-4 at 4. In August 2014, the Property was sold at a foreclosure proceeding and Defendant has since been attempting to evict Plaintiffs. Doc. 1-4 at 4-5. In their petition, Plaintiffs seek declaratory relief, arguing that the foreclosure

sale of the Property was barred by the four-year statute of limitations which commenced when the loan was accelerated in January 2010 (the "January 2010 Acceleration").  Doc. 1-4 at 5. Defendant now moves for summary judgment.  Doc. 23.

## B.  APPLICABLE LAW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A party moving for summary judgment has the initial burden of  "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.   Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotes omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (citation omitted). Nevertheless, when ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Id.*

## C.  ARGUMENTS

Defendant argues that summary judgment is appropriate in this case because the applicable four-year statute of limitations ceased to run when it abandoned the January 2010 Acceleration.

Doc. 24 at 6, 10.  Defendant asserts that the limitations period began to run anew when it again accelerated the payment of the loan in March 2014.  Doc. 24 at 11-15.  As such, Defendant maintains that its claim is not barred by the statute of limitations, and Plaintiffs are not entitled to a declaratory judgment in their favor.  Doc. 24 at 15-16.

Plaintiffs respond that Defendant's claim of abandonment fails based on section 18 of the security instrument, which states that Plaintiffs have the right to reinstate the Mortgage and cure any delinquency even after acceleration.  Doc. 27 at 7, 16-18.  Additionally, Plaintiffs point out that the Mortgage documents contain anti-waiver provisions, which prohibit Defendant from impliedly waiving any contractual rights.  Doc. 27 at 7, 14-16.  Plaintiffs further assert that although Defendant and its agents sent them numerous letters, they never indicated that the January 2010 Acceleration was being abandoned or waived, leaving Plaintiffs to believe that their Property had been in foreclosure from January 2010 through the August 2014 sale.  Doc. 27 at 10, 13-14.  They contend that the correspondence Defendant sent to them is not inconsistent with its right to foreclose under the January 2010 Acceleration.  Doc. 27 at 7, 18-20.

In reply, Defendant argues that the anti-waiver provisions in the Mortgage documents are inapplicable because abandonment is different than waiver.  Doc. 29 at 3.  Additionally, Defendant argues that its post-acceleration communications with Plaintiffs, including five notices of default, two repayment plans, and 24 monthly statements, evidenced its intent to abandon the January 2010 Acceleration.  Doc. 29 at 4-8.

### D.  ANALYSIS

Under Texas law, a secured lender must foreclose on a real property lien no later than four years after the cause of action accrues, which is upon the noteholder's acceleration of the note.  TEX. CIV. PRAC. & REM. CODE § 16.035(a); *Holy Cross Church of God in Christ v. Wolf,*

44 S.W.3d 562, 566 (Tex. 2001).  When the four-year limitations period expires, "the real-property lien and the power of sale to enforce the lien become void." *Holy Cross*, 44 S.W.3d at 567; TEX. CIV. PRAC. & REM. CODE § 16.035(d).  Nevertheless, acceleration can be abandoned, halting the running of limitations period, which is not restarted until the noteholder again advises the homeowners of its intent to accelerate.  *Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015); *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012).  Acceleration may be abandoned by agreement or by a noteholder's unilateral actions.  *Holy Cross*, 44 S.W.3d at 566-67; M*isczak v. Deutsche Bank Nat'l Trust Co.*, No. 15-CV-381-O, 2016 WL 3647658, at *2 (N.D. Tex. Feb. 12, 2016) (O'Connor, J.).  Because the parties in this case did not agree to abandon or waive the January 2010 Acceleration, and Defendant never expressly did so, the disposition of this case turns on whether Defendant impliedly abandoned or waived the January 2010 acceleration through conduct inconsistent with acceleration.

The Court of Appeals for the Fifth Circuit and numerous state courts have held that the unilateral actions of a noteholder, such as sending the borrower notices of default or account statements requesting less than the full amount of the accelerated debt, are sufficient  to establish that the noteholder has abandoned acceleration.  *See, e.g.*, *Martin v. Fed. Nat. Mortgage Ass'n*, 814 F.3d 315, 318 (5th Cir. 2016) (holding that "the request for payment of less than the full obligation – after initially accelerating the entire obligation – was an unequivocal expression of the bank's intent to abandon or waive its initial acceleration."); *see also Boren*, 807 F.3d at 106 (second notice of default "unequivocally manifested an intent to abandon the previous acceleration . . .").

"Abandonment of acceleration and waiver of acceleration are different issues." *Wells v. Bank of Am., N.A.*, No. 13-CV-3658-M, 2015 WL 4269089, at *6 (N.D. Tex. July 14, 2015) (Lynn, J.); *Rivera v. Bank of America, N.A.*, No. 13-CV-195, 2014 WL 2996159, at *6, 8 (E.D. Tex. July 3, 2014) (finding lender abandoned acceleration, and separately finding that it had not waived its right to later accelerate and foreclose).  The central element of waiver by implication is intent, which must be "unequivocally manifested." *Thompson v. Bank of America Nat. Ass'n*, 783 F.3d 1022, 1025 (5th Cir. 2015) ("Where waiver is claimed by inference rather than express renunciation, it is the burden of the party who is to benefit . . . to produce conclusive evidence that the opposite party unequivocally manifested its intent to no longer assert its claim.") (quotation marks omitted).  Waiver is a question of law when the facts relevant to a party's relinquishment of an existing right are undisputed.  *Boren*, 807 F.3d at 105 (citing *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015)).

As an initial matter, Plaintiffs are mistaken in their contention that section 18 of the security instrument undercuts the effect of Defendant's monthly statements on the January 2010 Acceleration.  Section 18 provides that borrowers "shall have the right to have enforcement of this Security Instrument discontinued at any time" if they meet certain conditions, including (1) paying Defendant all sums due as if no acceleration had occurred; (2) paying all expenses Defendant incurred in enforcing the security instrument, including attorneys' fees; and (3) assuring that Defendant's interest in the Property and security instrument, as well as Plaintiffs' obligation to pay the sums due, continues unchanged.  Doc. 25-1 at 22.  The 24 monthly loan statements the Defendant sent Plaintiffs did not request remittance of all sums listed in section 18, but only included information regarding the past due payments, interest, and late charges.

*See* Doc. 25-2 at 28-82; Doc. 25-3 at 1-7.  Thus, the correspondence demonstrates that Defendant abandoned the 2010 Acceleration.  *Martin*, 814 F.3d at 318.

Plaintiffs' reliance on the anti-waiver provisions in the Mortgage documents is similarly misplaced.  The case Plaintiffs cite in support is distinguishable on its facts from the instant case.  There, the appellate court found that the lender's acceptance of a single partial payment after the acceleration of the note was not evidence that the lender had waived its right to foreclose.  *Page v. JPMorgan Chase Bank, N.A.*, 605 Fed. App'x 272, 276 (5th Cir. 2015).  In so finding, the court distinguished between the one-time acceptance by a lender of a partial payment and a lender's repeated intentional conduct over the course of several years.  The court concluded that while the latter course of action evinced an intent by the lender to waive the right to foreclose, the former did not.  *Id.*

In this case, Defendant repeatedly sent correspondence to Plaintiffs over the course of several years, including two repayment plan agreements and five notices of default, requesting payment of less than the full, accelerated balance of the debt.  Doc. 25-1 at 32; Doc. 25-2 at 3-81; Doc. 25-3 at 1-8.  This unequivocally demonstrates that Defendant was intentionally abandoning and waiving its right to foreclose.  *Martin*, 814 F.3d. at 318.  Plaintiffs' alleged belief that their loan had been in foreclosure from the January 2010 Acceleration through the date of the August 2014 foreclosure sale is of no moment and nevertheless unsupported on this record.  *Boren*, 807 F.3d at 105.  Accordingly, as there is no genuine issue of material fact, summary judgment is warranted in Defendant's favor in this suit for declaratory relief.

### E.  CONCLUSION

For the foregoing reasons, Defendant's *Motion for Summary Judgment*, Doc. 23, should

be **GRANTED**.

**SO RECOMMENDED** on October 20, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE